UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARILYN MCLAURIN | CIVIL ACTION |
| VERSUS | NO. 24-2302 |
| ABC INSURANCE COMPANY, NEW ORLEANS PADDLEWHEELS, INC., AND HOSPITALITY ENTERPRISES, INC. | SECTION "R" |

**ORDER AND REASONS**

Plaintiff Marilyn McLaurin filed a motion to remand[1] following removal by defendants New Orleans Paddlewheels, Inc. ("NOPI") and Hospitality Enterprises, Inc. ("HEI").[2] Defendants oppose the motion.[3] For the following reasons, the Court denies the motion.

I. BACKGROUND

In July 2024, plaintiff Marilyn McLaurin, a citizen of Illinois, sued defendants, two in-state corporations, in Louisiana state court for damages resulting from an alleged slip and fall on the vessel Creole Queen, owned by New Orleans Paddlewheels, Inc., in 2023.[4]

---

[1] R. Doc. 11.
[2] R. Doc. 3.
[3] R. Doc. 14.
[4] R. Doc 3-1 at 2–3.

1

Plaintiff relied on the Orleans Parish Sherriff's office to effect service upon defendants' registered agent for service of process.[5] On July 26, 2024, an Orleans Parish Sheriff's Deputy certified in the sheriff's return that he filed in the civil district court record that he had made personal service on the agent, Craig Smith.[6] The Sheriff's Office entered a report on its civil inquiry system following the service with the same information.[7]

Defendants, Louisiana residents, removed the case to this Court on September 20, 2024.[8] They based removal on diversity jurisdiction under 28 U.S.C. § 1332. Defendants averred that there is complete diversity of citizenship between plaintiff and defendants[9] and that the amount in controversy exceeds $75,000 because of the extent of plaintiff's alleged injuries.[10] Importantly, defendants contended that their agent, Smith, was not served by the sheriff's deputy, which allowed them as in-state defendants to remove the case based on diversity jurisdiction and avoid the application of the forum-defendant rule as stated in 28 U.S.C. § 1441(b)(2).[11] *Id.* ("A civil

---

[5] R. Doc. 11-1 at 1–2. Craig Smith is the registered agent for service of process for both NOPI and HEI.
[6] R. Docs. 11-5 and 11-6.
[7] R. Doc. 11-10.
[8] R. Doc. 3.
[9] *Id.* at 2.
[10] *Id.* at 4–5.
[11] *Id.* at 3–4.

action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Defendants supported this assertion with two unsworn declarations under penalty of perjury, one from Alice Brown-Nixon, who declares that she is the person upon whom service was made on July 26, 2024, and one from Craig Smith, who declares that he was never served and was not in the office on July 26.[12] Defendants argued that, based on the removal statute, 28 U.S.C. § 1441(b)(2), and Fifth Circuit case law, when a forum state defendant has not yet been properly served, it may remove the case to federal court.[13]

Plaintiff now moves to remand, contending that, based on the representations of the Orleans Parish Sheriff's Office, the notation entered in the civil inquiry system, and the effort she expended in attempting to ensure that Smith was served, any questions as to whether service was proper should be resolved in her favor.[14] Additionally, plaintiff argues that defendants waived any objections to service by failing to plead insufficient service in

---

[12]  R. Docs. 3-7 and 3-8. Defendants later submitted sworn affidavits stating the same in their opposition to plaintiff's motion to remand. R. Docs. 14-1 and 14-2.
[13]  R. Doc. 3 at 3–4.
[14]  R. Doc. 11-1 at 5–6.

3

their answer, which was filed a week after the case was removed.[15] The parties do not dispute the timing of removal, that plaintiff and defendants are from different states, or the amount in controversy requirements.

The Court considers the motion to remand below.

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, M*anguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress

---

[15]   *Id.* at 7; R. Doc. 8.

4

drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though a court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, a court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A case may not be removed, even if diversity of citizenship exists, "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## III. DISCUSSION

### A. Jurisdictional Requirements

Before the Court may consider whether defendants' removal of the action was procedurally proper, it must determine whether complete diversity exists among all named parties. *See In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (28 U.S.C. § 1441(b)(2) removal "is permissible only if

complete diversity exists among all named parties."); *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) ("[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case.").

The party invoking diversity jurisdiction must properly allege the citizenship of all parties and show that there is complete diversity. *See Getty Oil*, 841 F.2d at 1259 ("[The Fifth Circuit has] stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)) (emphasis in original)). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

Here, plaintiff's complaint states that she is domiciled in Illinois, making her a citizen of Illinois for diversity purposes.[16] Defendants' notice of removal states that they are Louisiana corporations with their principal places of business in New Orleans, LA,[17] making them citizens of Louisiana for diversity purposes. Because no named defendant is a citizen of Illinois, there is complete diversity between the parties.

### B. The Forum-Defendant Rule

The forum-defendant rule is a procedural bar, not a jurisdictional one. *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020) (recognizing that the forum-defendant rule "is a procedural rule and not a jurisdictional one" (citing *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009))). It serves as a statutory limitation on removal, barring removal when there is a "properly joined and served" defendant who "is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). "Snap removal" is a widely recognized exception to the forum-defendant rule. It occurs when a defendant removes the action to federal court before the plaintiff properly joins and serves a defendant who is a citizen of the

---

[16]    R. Doc. 3-2 at 1.
[17]    R. Doc. 3 at 2.

7

forum state. *See Tex. Brine*, 955 F.3d at 485 ("The jargon for removal prior to service on all defendants is 'snap removal.'"). The use of snap removal by non-forum defendants is well settled in Fifth Circuit jurisprudence. In *Texas Brine Company, L.L.C. v. American Arbitration Association Incorporated*, in which plaintiff properly served a non-forum defendant but had not yet served a forum defendant, the Fifth Circuit held that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* at 487. In that case, the court found that the "forum-defendant rule's procedural barrier to removal was irrelevant because the only defendant 'properly joined and served,' the [removing defendant], was not a citizen of Louisiana, the forum state." *Id.* at 486 (citing § 1441(b)(2)). Thus, removal of the action was not barred under the plain language of Section 1441(b)(2), as the parties were completely diverse, and no forum defendants had been served at the time of removal. *Id.* at 486–87; *see also id.* at 486 (relying on *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (holding § 1441(b)(2) inapplicable until home-state defendant was served and finding that, until then, the state court lawsuit was removable, as long as the federal district court could assume jurisdiction)).

8

Here, unlike *Texas Brine Company, L.L.C.*, both moving defendants are forum defendants. The Court does not find that this renders the Section 1441(b)(2) bar applicable. The text of the statute bars removal if "any" of the "properly joined and served" defendants is a citizen of the forum state. It does not limit its application to cases in which the removing party is a non-forum defendant. *Texas Brine* relied on the plain language of Section 1441(b)(2) to conclude that removal was proper when a forum defendant was not properly joined and served. *See Texas Brine Co., L.L.C.*, 955 F.3d at 486 ("[W]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language." (quoting *Dunn-McCampbell Royalty Int., Inc. v. Nat'l Park Serv.*, 630 F.3d 431, 438 (5th Cir. 2011))). The plain language of the statute compels the same conclusion here. Further, this decision is consistent with recent cases within the Fifth Circuit. *See, e.g.*, *Chastain v. New Orleans Paddlewheels, Inc.*, CV 21-1581, 2021 WL 5578443 (E.D. La. Nov. 30, 2021) (finding that a forum defendant properly removed the case under Section 1441(b)(2) because it was improperly served); *Cristea v. ArborPro, Inc.*, 701 F. Supp. 3d 441, 448 (E.D. La. 2023) ("[T]he Forum Defendant Rule does not prohibit snap removal by a forum defendant."); *Baker v. Amazon Logistics, Inc.*, No. CV 23-3991, 2023 WL 6880357, at *11 (E.D. La. Oct. 18, 2023)

("[N]othing in § 1441(b)(2) prohibits a forum defendant like Walker from removing an action based on his own improper joinder."). Additionally, the Third Circuit, in a case relied on by the Fifth Circuit in *Texas Brine*, allowed for snap removal where the only defendant was a forum defendant. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–154 (3d Cir. 2018).

The principal dispute between the parties here is whether service on the forum defendants was in fact proper. In Louisiana, a sheriff's return of a copy of process "shall be considered prima facie correct." La. Code Civ. Proc. art. 1292; *see Hood Motor Co. v. Lawrence*, 334 So. 2d 460, 461 (La. App. 1 Cir. 1976), writ denied, 338 So. 2d 288 (La. 1976) ("The return of a citation or other process is prima facie evidence of service."). But this presumption is rebuttable. The party contesting service must "prove that, more likely than not, service was not properly made." *Hall v. Folger Coffee Co.*, 874 So. 2d 90, 105 (La. 2004) (endorsing a preponderance of the evidence standard for overcoming the prima facie presumption). "A return of citation cannot be impeached by the uncorroborated testimony of a single witness, . . . and it cannot be impeached by the uncorroborated testimony of the party upon whom service is stated to have been made by the officer." *Roper v. Dailey*, 393 So. 2d 85, 86 (La. 1980).

Here, plaintiff points to the sheriff's returns for service upon NOPI and HEI as prima facie evidence of proper service.[18] The sheriff certified he served Smith personally,[19] and the civil service inquiry system indicates that service was made on these companies through the agent, Craig Smith, at 422 Howard Ave., New Orleans, LA, on July 26, 2024.[20] Plaintiff also offers an affidavit of counsel's law clerk, which states that he specifically stressed to an Orleans Parish Sheriff's Office employee that only Smith be personally served and that the employee confirmed to him that Smith was personally served.[21]

Defendants submit two affidavits attesting that service was not properly effected on either of the businesses. First, defendants provide the affidavit from Alice Brown Nixon, an employee of New Orleans Tours, Inc., which is not a party to this case but is also located at 4220 Howard Ave.[22] She attests that she was the receptionist on July 26 and was served by the sheriff's deputy in this matter. Defendants also proffer an affidavit from Craig Smith, the registered agent for service of process for both defendants,

---

[18]   R. Docs. 11-5 and 11-6.
[19]   *Id.*
[20]   R. Docc. 11-10 at 1–2.
[21]   R. Doc. 11-9 at 2.
[22]   R. Doc. 14-1 at 1.

who attests that he was not served with process and that he was not at 4220 Howard Ave. on July 26, 2024.[23]

Defendants present more than uncorroborated testimony of the party upon whom service is stated to have been made. The two affidavits are sufficient to overcome plaintiff's evidence. Taken together, defendants' affidavits illustrate that the officer likely served process on the receptionist of New Orleans Tours, Inc. While the sheriff's returns serve as prima facie evidence of proper service, this evidence can be overcome by a preponderance of the evidence, and that standard is met here. Defendants' affidavits demonstrate that, more likely than not, service was not properly made on Smith. *See Harvey Canal Ltd. P'ship v. Nat'l Response Restoration Corp*, 380 So. 3d 683, 687–688 (La. App. 5 Cir. 2024) (holding that defendant met the preponderance standard to overcome the presumption of correct service when he testified that he was never served, and defendant's friend who was performing work on defendant's house testified that, despite not being domiciled at the property, the deputy served him with process at defendant's dwelling). Plaintiff's reliance on the affidavit of counsel's law clerk does not change this conclusion, because it is based on a hearsay statement by an employee of the sheriff's office.

---

[23] R. Doc. 14-2 at 2.

Plaintiff's arguments in the alternative are unpersuasive.[24] Plaintiff argues that service should be deemed proper because defendants allowed "their employee Alice Brown-Nixon [to] 'accept service' . . . when she was not the proper agent."[25] They contend that Brown-Nixon should have told sheriff that Craig Smith, the proper agent, was not present. But there is no evidence in the record that Brown-Nixon was employed by defendants, and there is no basis for imposing a legal duty on a receptionist requiring her to verify proper service. It is well settled that "[t]he *plaintiff* is responsible for having the summons and complaint served." Fed. R. Civ. P. 4(c)(1) (emphasis added); *see also Price v. Hous. Auth. of New Orleans*, No. CIV.A. 09-4257, 2010 WL 2836103, at *2 (E.D. La. July 16, 2010) ("The Court emphasizes that it is the plaintiff's responsibility to ensure that the defendants are properly served.").

Additionally, removal was not improper by virtue of defendants' failure to assert insufficient service of process in its answer. Defendants had already properly removed the case before they filed an answer. Their failure to

---

[24] While plaintiff seems to suggest that defendants were acting in bad faith to avoid proper service based on their history and the circumstances of this case, R. Doc. 11-1 at 6–7, she has not made a factual record supporting this allegation or cited any authority that authorizes the Court to depart from the text of Section 1441(b)(2) and the principles of *Texas Brine*.

[25] R. Doc. 11-1 at 6.

13

thereafter assert insufficiency of service of process does not affect the propriety of removal.

Because defendants were not correctly joined and served, they properly removed this case based on diversity jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this __3rd__ day of December, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE